Dresher does not require the moving party to present evidence negating the opponent's claims. Rather, the movant only has to direct the court to those places in the record that demonstrate the nonmovant's lack of evidence on issues for which it carried the burden of proof at trial. See, Fink, Greenbaum, Wilson, Guide to the Ohio Rules of CivilProcedure (2005 ed.) p. 56-27. Contrary to the majority's statements in ¶ 19, the court in Dresher did not simply presume "the nonmoving party possessed documents supporting its claim, but was reluctant to produce the documents unless under a court order." Rather, Dresher states, "Indeed, we find that appellees' responses to the request for admissions and for production of documents indicate that appellees were in possession of evidence necessary to prove the negligence claim, but. . . ." Dresher at 295-296. Moreover, the nonmoving party in Dresher specifically denied that they possessed no documents to prove their case and they entered specific objections to the requests for production of documents. Id. at 295. Here the nonmoving party simply failed to respond to the request for production, which sought documentation of her employment relationship with the newspaper. When Travelers pointed to their lack of response, it satisfied its obligation to direct the court to the place in the record that demonstrated Bohl had no evidence on this issue. I do not see the necessity of a motion to compel in a context where the nonmovant simply ignores the request rather than objects to it. Thus, I dissent.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that the Appellant recover of Appellee costs herein be taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J.: Concurs in Judgment only.
Harsha, J.: Dissents with dissenting opinion.